UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON CREEL,                                    CASE NO.

           Plaintiff,

v.

WACHOVIA CORPORATION,

           Defendant,

## COMPLAINT

The Plaintiff, Sharon Creel, by and through undersigned counsel, hereby sues WACHOVIA CORPORATION (hereinafter referred to as "WACHOVIA") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. WACHOVIA is a foreign corporation doing business in Hillsborough County, Florida.

5. At all times material hereto, Ms. Creel was a participant in an employee benefit plan providing long-term disability benefits and other valuable benefits funded and administered by her employer, Defendant WACHOVIA, as more particularly set forth in the documents attached hereto as Exhibit "A."

6. The plan is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

7. Defendant WACHOVIA both funds the long-term disability plan set forth in Exhibit "A," and makes the ultimate determination as to whether long-term disability benefits will be paid, a determination which also governs whether other valuable benefits funded by WACHOVIA will be afforded long-term disability claimants under the Plan.

8. Defendant WACHOVIA is and/or was at all times relevant to this litigation a "plan fiduciary" within the meaning of 29 U.S.C. §1104.

9. Defendant WACHOVIA makes the final decision to deny claims under the long-term disability benefit plan providing benefits to Ms. Creel and bore the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between WACHOVIA's duties to the plaintiff as an ERISA fiduciary and its duties to its

shareholders as a for-profit corporation under federal law.

10. Defendant WACHOVIA has failed to apply the provisions of the plan consistently with respect to similarly situated claimants.

11. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

12. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

13. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

14. In addition, the Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b)(2), 29 CFR 2560.503-1(b)(5), 29 CFR 2560.503-1(h), 29 CFR 2560.503-1(f)(3), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h)(3)(1) and (ii), and 29 CFR 2560.503-1(I)(1) in its administration of Ms. Creel's claim.

15. Plaintiff has exhausted her administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a

vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

16. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against WACHOVIA

17. Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

18. Ms. Creel was and is "disabled," as the term was defined in the long-term disability insurance policy funded by WACHOVIA at all times material hereto.

19. Defendant WACHOVIA has failed and refused to pay the Plaintiff, Ms. Creel, sums due pursuant to the disability insurance policy funded and administered by WACHOVIA, at all times material hereto.

20. Defendant WACHOVIA has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1 and has denied coverage under the terms of the plan.

21. The Plaintiff, Ms. Creel, is accordingly entitled to present evidence of her disability under the de novo standard to this Honorable Court.

22. The Plaintiff, Ms. Creel is entitled to recover attorneys' fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, the Plaintiff, Ms. Creel, prays for relief from Defendant WACHOVIA CORPORATION for long-term disability benefits and ancillary benefits denied by Defendant pursuant to the long-term disability plan funded by Defendant under the employee welfare benefit plan at issue pursuant to 29 U.S.C. §1132(a)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against WACHOVIA

23. Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically restated therein.

24. Ms. Creel is entitled to long-term disability benefits under the long-term disability benefit plan which is the subject of this action.

25. Defendant WACHOVIA has denied that Ms. Creel is entitled to long-term disability benefits under the long-term disability benefit plan which is the subject of this action.

26. Ms. Creel is also entitled to other valuable benefits as set forth in the documents attached hereto as Exhibit "A" as a result of her entitlement to long-term

disability benefits under the long-term disability benefit plan which is the subject of this action.

27.  Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's right to benefits under the terms of employee benefit plans like the plan at issue in this litigation.

28.  Defendant WACHOVIA has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1, and the Plaintiff, Ms. Creel, is entitled to present evidence of her disability under the de novo standard.

29.  The Plaintiff, Ms. Creel is entitled to a declaration that her long-term disability benefits denied by WACHOVIA are payable on an ongoing basis subject to continuing proof of disability as set forth in the long-term disability benefit plan, together with reinstatement of all benefits set forth in said plan.

30.  The Plaintiff, Ms. Creel is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Ms. Creel, prays for relief from Defendant WACHOVIA CORPORATION for a declaration reinstating her long-term disability benefits and ancillary benefits pursuant to the long-term disability plan funded by Defendant under the employee welfare benefit plan at issue pursuant to 29 U.S.C. §1132(a)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

Respectfully submitted,

_____
William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**THE LAW OFFICES OF WILLIAM S. COFFMAN, JR.**
8910 N. Dale Mabry, Suite 36
Tampa, Florida 33614
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff Sharon Creel